Slip Op. 16-120

UNITED STATES COURT OF INTERNATIONAL TRADE

---

|  |  |  |
|---|---|---|
| FINE FURNITURE (SHANGHAI) LIMITED, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| and | : | |
| | : | |
| ARMSTRONG WOOD PRODUCTS (KUNSHAN) CO., LTD., GUANGDONG YIHUA TIMBER INDUSTRY CO., LTD., OLD MASTER PRODUCTS, INC., LUMBER LIQUIDATORS SERVICES, LLC, SHANGHAI LAIRUNDE WOOD CO., LTD., CHANGZHOU HAWD FLOORING CO., LTD., DALIAN HUILONG WOODEN PRODUCTS CO., LTD., DUNHUA CITY JISEN WOOD INDUSTRY CO., LTD., DUNHUA CITY DEXIN WOOD INDUSTRY CO., LTD., DUNHUA CITY HONGYUAN WOOD INDUSTRY CO., LTD., JIAXING HENGTONG WOOD CO., LTD., KARLY WOOD PRODUCT LIMITED, YINGYI-NATURE (KUNSHAN) WOOD INDUSTRY CO., LTD., XIAMEN YUNG DE ORNAMENT CO., LTD., ZHEJIANG SHUIMOJIANGNAN NEW MATERIAL TECHNOLOGY CO., LTD., | : | Before: Richard K. Eaton, Judge |
| | : | Consol. Court No. 16-00145 |
| Plaintiff-Intervenors, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

---

[Plaintiff-intervenor's motion for a preliminary injunction is granted.]

Dated: December 28, 2016

*Harold Deen Kaplan* and *Craig Anderson Lewis*, Hogan Lovells US LLP, of Washington, DC, were on the brief for plaintiff-intervenor.

*Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, International Trade Field Office, *Patricia M. McCarthy*, Assistant Director, and *Tara K. Hogan*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, were on the brief for defendant.   *Mercedes C. Morno*, Office of Trade Enforcement & Compliance, Department of Commerce, was of counsel on the brief.

## MEMORANDUM OPINION and ORDER[1]

EATON, Judge: Before the court is plaintiff-intervenor Armstrong Wood Products

(Kunshan) Co., Ltd.'s ("plaintiff-intervenor" or "Armstrong") partial consent[2] motion for a preliminary

injunction to enjoin defendant, the United States ("defendant" or "the Government"), from liquidating

its entries of multilayered wood flooring from the People's Republic of China ("PRC") during the

pendency of this action.   Pl.-Int.'s Mot. for Prelim. Inj. 1 (ECF Dkt. No. 16) ("Pl.-Int.'s Br.").

Specifically, Armstrong, as a plaintiff-intervenor, asks that liquidation be enjoined for all of its

unliquidated entries of multilayered wood flooring from the PRC that "were entered, or withdrawn from

warehouse, for consumption during the period December 1, 2013 through November 30, 2014,

inclusive;" and are subject to the Department of Commerce's ("the Department" or "Commerce")

multilayered wood flooring from the PRC December 1, 2013 through November 30, 2014 administrative

---

[1]       The following cases are consolidated under lead court number 16-00145: 16-00146, 16-00147, 16-00148, 16-00155, and 16-00156.

[2]       Plaintiff Fine Furniture (Shanghai) Limited ("plaintiff" or "Fine Furniture") consented to plaintiff-intervenor's motion for a preliminary injunction.   Pl.-Int.'s Mot. for Prelim. Inj. 1 (ECF Dkt. No. 16) ("Pl.-Int.'s Br.").

review of the corresponding antidumping duty order.   Pl.-Int.'s Br. 1–2; *Multilayered Wood Flooring*

*From the PRC*, 81 Fed. Reg. 46,899, 46,901–02 (Dep't of Commerce July 19, 2016) (final results of

antidumping duty administrative review; 2013–2014) ("Final Results") (determining that the weighted-

average dumping margins for the POR from December 1, 2013 through November 30, 2014 are 17.37

percent); *Multilayered Wood Flooring From the PRC*, 76 Fed. Reg. 64,318, 64,318 (Dep't of Commerce

Oct. 18, 2011) (final determination of sales at less than fair value).

      The court has jurisdiction pursuant to 28 U.S.C. § 1581(c) (2012) and 19 U.S.C. § 1516a(c)(2)

(2012).   For the reasons set forth below, plaintiff-intervenor's motion for a preliminary injunction is

granted.


## BACKGROUND

      On July 19, 2016, the Department published the Final Results of its third administrative review

of multilayered wood flooring from the PRC.   *Final Results*, 81 Fed. Reg. at 46,899.   The plaintiff in

this case, Fine Furniture (Shanghai) Limited ("plaintiff" or "Fine Furniture"), a selected mandatory

respondent, filed a summons on August 9, 2016, and its Complaint on September 1, 2016, contesting

Commerce's Final Results.   Summons (ECF Dkt. No. 1) (Aug. 9, 2016); Compl. ¶ 13 (ECF Dkt. No. 9)

(Sept. 1, 2016).   Plaintiff's Complaint challenged: (1) Commerce's determination to select Romania as

the surrogate country, and not Thailand; (2) Commerce's use of certain financial statements in its

financial ratios calculations; and (3) Commerce's surrogate value determination for plaintiff's face

veneer inputs.   Compl. ¶¶ 19, 21, 23.

      Plaintiff-intervenor, whose motion is now before the court, is a separate rate respondent and an

exporter of multilayered wood flooring from the PRC whose merchandise is also subject to the

Department's determination.   *See* Pl.-Int.'s Br. 3.   On September 2, 2016, the court granted plaintiff-

intervenor's consent motion to intervene because the company participated in the underlying

administrative proceedings and timely filed its motion.[3]   Order (ECF Dkt. No. 19) (Sept. 2, 2016)

(granting plaintiff-intervenor's motion to intervene); 28 U.S.C. § 2631(j)(1).

Along with its motion to intervene, Armstrong also filed motions for a preliminary injunction

and a temporary restraining order, which the Government opposed.   Pl.-Int.'s Consent Mot. to Intervene

(ECF Dkt. No. 10) (Sept. 1, 2016) ("Mot. to Intervene"); Pl.-Int.'s Mot. for TRO (ECF Dkt. No. 17)

(Sept. 1, 2016).   Also, on September 2, 2016, the court granted plaintiff-intervenor's request for a TRO.

TRO (ECF Dkt. No. 20) (Sept. 2, 2016) (ordering that "this injunction shall expire on the later of

fourteen days from the date of this order or the date upon which this Court rules upon Armstrong Wood

Products (Kunshan) Co., Ltd.'s Motion for a Preliminary Injunction (ECF Dkt. No. 16)." (citing *Tianjin*

*Wanhua Co., Ltd. v. United States*, 38 CIT __, 11 F. Supp. 3d 1283 (2014); *Union Steel v. United States*,

33 CIT 614, 617 F. Supp. 2d 1373 (2009))).

On September 20, 2016, plaintiff Fine Furniture filed a motion, consented to by the Government,

for a preliminary injunction to prevent liquidation of its entries.   Pl.'s Mot. for Prelim. Inj. (ECF Dkt.

No. 43).   The court granted the motion on the same day.   Prelim. Inj. Order (ECF Dkt. No. 44) (Sept.

20, 2016); TRO (ECF Dkt. No. 45) (Sept. 20, 2016).

---

[3]       It is worth noting that Armstrong did not bring its own action in this Court challenging
Commerce's administrative determination.   *See* Def.'s Resp. in Opp'n to Pl.-Int.'s Mot. for a Prelim.
Inj. & TRO (ECF Dkt. No. 18) ("Def.'s Br.").   In addition, at the time Armstrong filed its motion to
intervene in this action and sought injunctive relief, the time period to file its own action in this Court
had already expired.   Def.'s Br. 5.

Now before the court is plaintiff-intervenor's partial consent motion to enjoin the Government from liquidating its entries of multilayered wood flooring from the PRC.   Pl.-Int.'s Br. 1.   The Government opposes this motion arguing that plaintiff-intervenor (1) "seeks to enlarge the issues" in the Complaint, and (2) is untimely requesting an injunction for its entries.   Def.'s Resp. in Opp'n to Pl.-Int.'s Mot. for a Prelim. Inj. & TRO 2, 5 (ECF Dkt. No. 18) ("Def.'s Br.").

## DISCUSSION

### I.   LEGAL CONSIDERATIONS

"In international trade cases, the CIT has authority to grant preliminary injunctions barring liquidation in order to preserve a party's right to challenge the assessed duties."   *Qingdao Taifa Grp. Co., Ltd. v. United States*, 581 F.3d 1375, 1378 (Fed. Cir. 2009).   "To prevail on its motion for a preliminary injunction, [plaintiff-intervenor] must show (1) that it will be immediately and irreparably injured; (2) that there is a likelihood of success on the merits; (3) that the public interest would be better served by the relief requested; and (4) that the balance of hardship on all the parties favors the [plaintiff-intervenor]."   *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983); *Union Steel v. United States*, 33 CIT 614, 621–22, 617 F. Supp. 2d 1373, 1381 (2009).

Additionally, a qualified interested person may join a previously commenced action as an intervenor.[4]   28 U.S.C. § 2631(j)(1); USCIT R. 24 (2016).   An intervenor may also preserve its unliquidated entries for eventual liquidation at the rates finally determined by the litigation by moving for a preliminary injunction to bar the liquidation of those entries.   USCIT R. 56.2(a).   For injunctive relief, an "intervenor must file a motion for a preliminary injunction no earlier than the date of filing of its motion to intervene and no later than 30 days after the date of service of the order granting intervention, or at such later time, but only for good cause shown."   USCIT R. 56.2(a).

---

[4]      Rule 24 provides:

(a) Intervention of Right.   On timely motion, the court must permit anyone to intervene who:

> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
> (3) In an action described in 28 U.S.C. § 1581(c), a timely motion must be made no later than 30 days after the date of service of the complaint as provided for in Rule 3(f), unless for good cause shown at such later time for the following reasons:
>> (i) mistake, inadvertence, surprise or excusable neglect; or
>> (ii) under circumstances in which by due diligence a motion to intervene under this subsection could not have been made within the 30-day period. Also, in an action described in 28 U.S.C. § 1581(c), at the time a party's motion for intervention is made, attorneys for that party are required to comply with the procedures set forth in Rule 73.2 (c) by filing of a Business Proprietary Information Certification where appropriate.

USCIT R. 24 (2016).

II.    **PLAINTIFF-INTERVENOR MAY SEEK A PRELIMINARY INJUNCTION**

A.    **Enjoining the Government From Liquidating Plaintiff-Intervenor's Entries Is Not an Enlargement of the Action**

The Government first opposes Armstrong's motion because it asserts that plaintiff-intervenor seeks to enlarge the issues in the Complaint by requesting an injunction for entries not listed in the Complaint.   Def.'s Br. 3; *Vinson v. Wash. Gas Light Co.*, 321 U.S. 489, 498 (1944) ("[A]n intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding.").   The Government argues that an intervenor's role "is limited to supporting the plaintiff[] in asserting [its] own claim[] for relief." Def.'s Br. 3; *Laizhou Auto Break Equip. Co. v. United States*, 31 CIT 212, 214, 477 F. Supp. 2d 1298, 1300–01 (2007).   For the Government, the plaintiff-intervenor may "support Fine Furniture's case against the United States," but cannot "expand the case to include its own separate entries affected by Commerce's decision."   Def.'s Br. 2–3.   Defendant maintains that plaintiff-intervenor is impermissibly attempting to enlarge the issues in this case, by seeking to have its, now suspended, entries liquidated in accordance with the ultimate judicial decision in this case.

Plaintiff-intervenor maintains that it is not enlarging the case set out in plaintiff's Complaint by introducing new substantive issues or theories.   Pl.-Int.'s Br. 4.   Rather, plaintiff-intervenor insists it merely hopes to obtain the same benefit plaintiff would receive, if plaintiff succeeds in obtaining a lower duty rate, for its entries that come into the United States prior to the conclusion of the litigation.   Pl.-Int.'s Br. 4.   According to plaintiff-intervenor, were its entries to be liquidated before the case's conclusion, it could lose the relief that plaintiff would get for its entries.   Pl.-Int.'s Br. 4; *see* 19 C.F.R. § 159.1 ("Liquidation means the final computation or ascertainment of duties on entries for consumption

or drawback entries."); *Qingdao*, 581 F.3d at 1380 ("[O]nce the entries [are] liquidated the law

provide[s] no viable method to recover any additional money even if the liquidation rate [is] later

deemed incorrect.").   Plaintiff-intervenor further argues that "because this Court has already found that

plaintiff['s] action satisfies the criteria for a preliminary injunction, it should find that proposed plaintiff-

intervenor has also satisfied those criteria."   Pl.-Int.'s Br. 4 (citation omitted).

        Plaintiff-intervenor cites to earlier cases in this Court that have found that guarding its entries to

obtain future relief does not expand the case.   Pl.-Int.'s Br. 4.   Where a plaintiff-intervenor "is not

introducing any new issues or legal theories into the litigation," but rather "seek[s] to simply obtain for

its entries the benefit of any affirmative relief that may inure to [plaintiff]" the court may properly enjoin

the Government from liquidating its entries.   *Tianjin Wanhua*, 38 CIT at __, 11 F. Supp. 3d at 1285–86;

*NSK Corp. v. United States*, 32 CIT 161, 166, 547 F. Supp. 2d 1312, 1318 (2008) ("[T]he fact that an

intervenor brings additional entries to the litigation carries no weight with regard to enlargement."); *see*

*also Union Steel*, 33 CIT at 623–24, 617 F. Supp. 2d at 1382.

        The court is persuaded by plaintiff-intervenor's arguments and the case law.   A plaintiff-

intervenor's motion for a preliminary injunction, which does not raise additional substantive issues, does

not enlarge the Complaint since it simply requires that the "final judicial determination resulting from

this litigation . . . govern entries that already were the subject of the administrative review and the Final

Results," and does "not, in any meaningful sense, 'compel an alteration of the nature of the

proceeding.'"   *Union Steel*, 33 CIT at 624, 617 F. Supp. 2d at 1382 (quoting *Vinson*, 321 U.S. at 498).

        Indeed, the facts and arguments in this case are almost identical to those raised in the earlier case

of *Union Steel*.   *See Union Steel*, 33 CIT at 614, 617 F. Supp. 2d at 1374.   There, plaintiff-intervenor

moved for a temporary restraining order and preliminary injunction to keep U.S. Customs and Border

Protection ("Customs") from liquidating its entries during the pending litigation.   *Id.* at 614, 617 F.

Supp. 2d at 1375.   Moreover, as is the case here, the plaintiff in *Union Steel* was granted a preliminary

injunction preventing liquidation of its entries under the challenged administrative review.   *Id.* at 622,

617 F. Supp. 2d at 1381.   The Government in *Union Steel* likewise opposed the plaintiff-intervenor's

motion by arguing that granting a preliminary injunction would impermissibly "enlarge [the] issues" by

covering entries not listed in the Complaint.   *Id.* at 623, 617 F. Supp. 2d at 1382; Def.'s Br. 4–5.

       Relying on *Vinson*, the Government in *Union Steel* asserted that "an intervenor is admitted to the

proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues

or compel an alteration of the nature of the proceeding."   *Union Steel*, 33 CIT at 623, 617 F. Supp. 2d at

1382 (citation omitted).   Distinguishing its facts from *Vinson*, the *Union Steel* Court found that

> [b]ecause it need do no more than allow the final judicial determination resulting from this
> litigation to govern entries that already were the subject of the administrative review and
> the Final Results, the grant of the injunction Whirlpool seeks would not, in any meaningful
> sense, "compel an alteration of the nature of the proceeding[s]."

*Id.* at 624, 617 F. Supp. 2d at 1382–83 (citations omitted).   Moreover, unlike in *Vinson*, the plaintiff-

intervenor in *Union Steel* did not "raise before the court any substantive issues that [were] not raised by

plaintiff's complaint."   *Id.* at 624, 617 F. Supp. 2d at 1382.

       As in *Union Steel*, the court, here, granted plaintiff's consent motion for a preliminary

injunction enjoining the liquidation of its entries pending the outcome of the judicial proceeding

related to the contested administrative review.   Prelim. Inj. Order 1.   In addition, as in *Union

Steel*, plaintiff-intervenor here also seeks to have the Government enjoined from liquidating its

entries that are subject to the same administrative review as plaintiff's.   Pl.-Int.'s Br. 3.   The

Government makes no claim that plaintiff-intervenor is attempting to enlarge the issues in the

case by raising new substantive arguments.   Rather, the Government merely claims that

plaintiff-intervenor is trying to unlawfully enlarge the case by seeking to protect its entries from

being liquidated.

The court agrees with the reasoning in *Union Steel* and the other earlier cases and finds

that plaintiff-intervenor's motion for a preliminary injunction does not enlarge the Complaint

because "bring[ing] additional entries [into] the litigation carries no weight with regard to

enlargement," *NSK*, 32 CIT at 166, 547 F. Supp. 2d at 1318, and denying the motion on this

ground "would be tantamount to providing [p]laintiff–[i]ntervenors (as interested parties to the

underlying administrative proceeding) with a statutory right to participate in the litigation (via

intervention under 28 U.S.C. § 2631(j)) without any chance for relief."   *Tianjin Wanhau*, 38 CIT

at __, 11 F. Supp. 3d at 1286.

Accordingly, Armstrong's position in this litigation as a plaintiff-intervenor does not

foreclose its request for a preliminary injunction preventing defendant from liquidating its entries

while this case is pending.

### B.      Plaintiff-Intervenor's Motion for a Preliminary Injunction Was Timely

The Government next asserts that the court should not enjoin liquidation, because plaintiff-

intervenor's time to file its own action contesting the Final Results has lapsed.   Def.'s Br. 5.   That is,

the Government contends that Armstrong cannot now "piggyback on the original timely filed

complaint" by successfully moving to enjoin liquidation of its entries when it would be out of time in

suing, and moving for an injunction, on its own behalf.   Def.'s Br. 4.   The Government further argues

that, despite USCIT Rule 24(a)(3) permitting plaintiff-intervenor's intervention as of right, granting the

preliminary injunction extends the jurisdiction of the court by providing relief to a party that failed to

timely bring its own action in this Court.   Def.'s Br. 5 ("Permitting Armstrong to do so would be to

open a loophole to expand the time limit Congress has set forth for an aggrieved party to seek review of

a final determination by Commerce.").   Thus, according to defendant, "Armstrong seeks relief, *via*

intervention, that it was untimely to seek through the normal course of filing a complaint within

statutory deadlines."   Def.'s Br. 5.

The court finds that because plaintiff-intervenor timely intervened, granting a preliminary

injunction to prevent liquidation of its entries is proper.   *See* Order (ECF Dkt. No. 19).   The

Government appears to argue that Armstrong should be estopped from seeking a preliminary injunction

in this action because it is too late for it to seek the same relief by bringing its own action in this Court.

Def.'s Br. 4–5.   That is, according to defendant, because a complaint filed by plaintiff-intervenor at this

juncture would be untimely, plaintiff-intervenor should not receive relief by way of an injunction

through its intervention, even if the intervention is timely.   *See* Def.'s Br. 5.

This argument is hard to credit.   Armstrong timely intervened in this action in accordance with

USCIT Rule 24, by filing its Motion to Intervene on September 1, 2016, the same day that plaintiff Fine

Furniture filed its Complaint.   Order (ECF Dkt. No. 19); Compl. ¶ 13; USCIT R. 24(a)(3) ("In an action

described in 28 U.S.C. § 1581(c), a timely motion must be made no later than 30 days after the date of

service of the compliant as provided for in Rule 3(f), unless for good cause shown . . . .").   By

intervening, plaintiff-intervenor receives the same status to apply for an injunction as any other party in

the action.   *See, e.g.*, *Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985);

*Qingdao*, 581 F.3d at 1378 ("[T]he CIT has authority to grant preliminary injunctions barring liquidation

in order to preserve *a party's right* to challenge the assessed duties.") (emphasis added).

Defendant's argument that granting plaintiff-intervenor's motion "would expand the time limit Congress has set forth for an aggrieved party *to seek review of a final determination*," however, seems to be aimed at allowing Armstrong to gain any benefit by intervention, not at its motion for a preliminary injunction.   *See* Def.'s Br. 5 (emphasis added).   The defendant, though, cites no law, and the court could find none, to support the proposition that, as a result of not filing its own timely summons and complaint, Armstrong could not (1) intervene; (2) move for a preliminary injunction; or (3) have the status of a full party to the action.[5]   In fact, the Rules of this Court clearly anticipate that a participant in the underlying administrative review may intervene; and that a timely intervenor may seek an injunction.   USCIT R. 56.2(a).   In other words, this Court's Rules contemplate that a plaintiff-intervenor may seek a preliminary injunction to protect its entries where it timely intervenes in an action before this Court; and these Rules contain no suggestion that any motion be made within the time the intervenor could have sued as a plaintiff.   *See* USCIT R. 56.2(a) ("[A]n intervenor must file a motion for a *preliminary injunction* no earlier than the date of filing of its motion to intervene and *no later than*

---

[5]        The Court of International Trade's procedure statute, which permits intervention in the circumstances such as those before the court, does not include a time limit by which a party must intervene or move for a preliminary injunction.   28 U.S.C. § 2631(j)(1) (stating that where the movant was "an interested party who was a party to the proceeding in connection with which the matter arose," and "would be adversely affected or aggrieved by an adverse decision in a civil action pending in the Court of International Trade," then it may intervene in a civil action pending before the Court).   The statute, instead, defers to the Court of International Trade's own Rules for jurisdictional time limits. *See, e.g.*, 28 U.S.C. § 2633(b) ("The Court of International Trade shall prescribe rules governing the summons, pleadings, and other papers, for their amendment, service, and filing, for consolidations, severances, suspensions of cases, and for other procedural matters."); 28 U.S.C. § 2632 ("[A]s prescribed in such section, with the content and in the form, manner, and style prescribed by the rules of the court."); 28 U.S.C. § 2636(c) ("[C]ommenced in accordance with the rules of the Court of International Trade within the time specified in such section.").

*30 days after the date of service of the order granting intervention*, or at such later time, but only for

good cause shown.") (emphasis added); USCIT R. 24(a).

Thus, Commerce's jurisdictional argument is unconvincing, as there is simply nothing to suggest

that, after lawfully intervening, a plaintiff-intervenor is untimely in seeking an injunction and unable to

preserve its means to obtain any future relief.

The Government made a similar argument in *Union Steel*, where the Court observed:

> In opposition to the grant of an injunction, defendant also relies on the language of
> USCIT Rule 56.2(a), which provides that "[a]ny motion for a preliminary injunction to
> enjoin the liquidation of entries that are the subject of the action must be filed by a party to
> the action within 30 days after service of the complaint, or at such later time, for good cause
> shown."  Defendant's argument reads too much into the language of the Rule, which
> addresses generally the time at which a party must file its motion for the injunction and is
> not specifically directed to the intervention-related issue before the court.  Moreover,
> defendant's overly broad construction of the language of the Rule would disregard
> considerations that were important to Congress in enacting the statutory scheme that the
> Rule, in part, is intended to effectuate.  Congress considered an injunction against
> liquidation to be so significant to the judicial review of a determination in an antidumping
> proceeding that it expressly provided the opportunity for such an injunction in 19 U.S.C.
> § 1516a(c)(2).   Congress also attached importance to a party's opportunity to intervene in
> an action brought under 19 U.S.C. § 1516a, as demonstrated by its providing that the
> intervention of an interested party who was a party to the underlying administrative
> proceeding is an intervention as a matter of right.   By seeking to deny the availability of
> an injunction in the general circumstances posed by Whirlpool's motion, defendant's
> litigation position, if adopted by the court, would diminish the significance of the
> intervention procedure established by those statutory provisions.

*Union Steel*, 33 CIT at 624–25, 617 F. Supp. 2d at 1383 (citations omitted).

Thus, the court finds that plaintiff-intervenor's timely motion to intervene preserved its right to

seek a preliminary injunction against liquidation in this action.

### C.     Plaintiff-Intervenor Satisfied the Requirements for a Preliminary Injunction

Plaintiff-intervenor argues that it has established the requirements for a preliminary injunction.

Specifically, Armstrong argues that: (1) it will suffer irreparable injury if its entries are liquidated in

accordance with Commerce's determination before a decision by this Court or the Federal Circuit, Pl.-

Int.'s Br. 5; (2) it established that it has a likelihood of success on the merits because it raises "serious

questions as to Commerce's methodology," Pl.-Int.'s Br. 7; (3) the public interest is served by ensuring

Commerce accurately calculates antidumping duties, Pl.-Int.'s Br. 8; and (4) the balance of hardships

weighs in its favor because, although the preliminary injunction will postpone liquidation, Customs

holds cash deposits securing the duties' value and would not otherwise be prejudiced, Pl.-Int.'s Br. 9.

As a result, according to plaintiff-intervenor, the court should enjoin the Government from liquidating

its entries of subject merchandise through the pendency of the litigation, including all appeals.   Pl.-Int.'s

Br. 9–10.

The Government does not contend that plaintiff-intervenor has failed to meet the equitable

requirements for a preliminary injunction.   Indeed, defendant does not mention the requirements

necessary for the granting of a preliminary injunction in its papers.   Instead, the defendant's opposition

rests solely on its assertions that plaintiff-intervenor cannot seek an injunction that expands the issues

raised in the Complaint and that its request for an injunction is untimely.   Def.'s Br. 2, 5.   Also, the

Government consented to plaintiff's motion for a preliminary injunction, only preserving its arguments

as to the plaintiff's "likelihood of the success on the merits."   Pl.'s Mot. for Prelim. Inj. 7 (ECF Dkt.

No. 43).

i.      *Irreparable Injury*

As to immediate and irreparable injury, Armstrong has demonstrated that if its entries were to be liquidated in accordance with 19 U.S.C. § 1516a(c)(1),[6] it would be unable to benefit from relief obtained by plaintiff.   Pl.-Int.'s Br. 6–7; *Qingdao*, 581 F.3d at 1380 ("[O]nce the entries were liquidated the law provided no viable method to recover any additional money even if the liquidation rate was later deemed incorrect."); *Zhejiang Native Produce & Animal By-Prod. Imp. & Exp. Corp. v. United States*, 39 CIT __, __, 61 F. Supp. 3d 1358, 1368 (2015) ("[I]t is apparent that irreparable harm can be shown irrespective of whether the results of an investigation are negative or affirmative, find sales at [less than fair value], or whether the injunction is sought by foreign producers or exporters, or by domestic producers.   In each of these cases, without injunctive relief, the parties face the prospect of losing the only remedy they have with respect to [entries of] merchandise liquidated prior to a court ruling.").

---

[6]      The statute provides in full:

Unless such liquidation is enjoined by the court under paragraph (2) of this subsection, entries of merchandise of the character covered by a determination of the Secretary, the administering authority, or the Commission contested under subsection (a) of this section shall be liquidated in accordance with the determination of the Secretary, the administering authority, or the Commission, if they are entered, or withdrawn from warehouse, for consumption on or before the date of publication in the Federal Register by the Secretary or the administering authority of a notice of a decision of the United States Court of International Trade, or of the United States Court of Appeals for the Federal Circuit, not in harmony with that determination.   Such notice of a decision shall be published within ten days from the date of the issuance of the court decision.

19 U.S.C. § 1516a(c)(1).

ii.     *Likelihood of Success on the Merits*

Next, the court previously granted plaintiff Fine Furniture's motion for a preliminary injunction,

and because plaintiff-intervenor's "success on the merits is intrinsically tied to that of [p]laintiff[]," the

court finds Armstrong similarly has demonstrated a likelihood of "success on the merits."   *Tianjin*

*Wanhau*, 38 CIT at __, 11 F. Supp. 3d at 1286; Prelim. Inj. Order.


iii.    *The Public Interest Will Be Served*

With regard to the public interest, "it is well-settled that 'an overriding purpose of Commerce's

administration of antidumping laws is to calculate dumping margins as accurately as possible."   *Union*

*Steel*, 33 CIT at 622, 617 F. Supp. 2d at 1381 (quoting *Parkdale Int'l v. United States*, 475 F.3d 1375,

1380 (Fed. Cir. 2007)).   Should the injunction be granted, the result of having the dumping margins

accurately calculated will be that plaintiff-intervenor's entries will be liquidated in accordance with

those margins.   *Union Steel*, 33 CIT at 622, 617 F. Supp. 2d at 1381.   Thus, the public interest will be

served by the liquidation of plaintiff-intervenor's entries at the margins determined by this litigation.


iv.     *The Balance of Hardships Weighs in Favor of Plaintiff-Intervenor*

Last, the balance of the hardships weighs in favor of plaintiff-intervenor because the plaintiff-

intervenor might suffer great hardship if its entries were liquidated before the conclusion of this case,

and the Government is unlikely to suffer any hardship because it has obtained cash deposits securing the

payment of duties for these entries.   *Union Steel*, 33 CIT at 622, 617 F. Supp. 2d at 1381 ("Should the

final rate determined after judicial review exceed the cash deposit, the United States will be entitled to

collect the duties owed, with interest.   Contrastingly, the absence of an injunction would result in

liquidations of [plaintiff-intervenor's] entries at the amounts of antidumping duty set forth in the entry

documentation, which liquidation would preclude any revision of the assessment rate.").

As a result, the court concludes that Armstrong may seek a preliminary injunction as a matter of

law and fact and has demonstrated irreparable harm, a likelihood of success on the merits, that it is in the

public interest to grant the preliminary injunction, and that the balance of hardships weigh in favor of

granting injunctive relief.   Therefore, liquidation of plaintiff-intervenor's entries shall be enjoined in

accordance with 19 U.S.C. § 1516a(c)(2).

### CONCLUSION

The court grants plaintiff-intervenor's motion for a preliminary injunction and directs the

plaintiff-intervenor to confer with the Government and file a proposed preliminary injunction with the

court.

Dated:         December 28, 2016
               New York, New York

                                        \s\ Richard K. Eaton
                              _____

                                        Richard K. Eaton, Judge